OLF3 (Official Local Form 3)

# United States Bankruptcy Court
## District of Massachusetts, Boston Division

In re:   Case No. _____

**Rogers,, Joseph T. Jr. & Rogers, Leah M.**   Chapter **13** _____
               Debtor(s)

## CHAPTER 13 PLAN

Check one. This plan is:
[X] Original
[ ] ____ Amended (Identify First, Second, Third, etc.)
[ ] Postconfirmation (Date Order Confirming Plan Was Entered: ____)

Date this plan was filed: **December 20, 2019**

## PART 1: NOTICES

**TO ALL INTERESTED PARTIES:**
You should review carefully the provisions of this Plan as your rights may be affected. In the event the Court enters an order confirming this Plan, its provisions may be binding upon you. The provisions of this Plan are governed by statutes and rules of procedure, including Title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P."), the Massachusetts Local Bankruptcy Rules ("MLBR"), and, in particular, the Chapter 13 rules set forth in Appendix 1 of MLBR, all of which you should consult.

**TO CREDITORS:**
Your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. Read this Plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult with one. If you oppose this Plan's treatment of your claim or any other provision of this Plan, you or your attorney **must** file with the Court an objection to confirmation on or before the later of (i) thirty (30) days after the date on which the first Meeting of Creditors pursuant to 11 U.S.C. § 341 is held or (ii) thirty (30) days after service of an amended or modified Plan, unless the Court orders otherwise. A copy of your objection must be served on the Debtor(s), the attorney for the Debtor(s), and the Chapter 13 Trustee (the "Trustee"). The Bankruptcy Court may confirm this Plan if no objection to confirmation is filed or if it overrules an objection to confirmation. You have received or will receive a Notice of Chapter 13 Bankruptcy Case from the Bankruptcy Court which sets forth certain deadlines, including the bar date for filing a Proof of Claim. **To receive a distribution, you must file a Proof of Claim.**

**TO DEBTOR(S):**
You (or your attorney) are required to serve a copy of this Plan on all creditors in the manner required under the Bankruptcy Code, the Fed. R. Bankr. P., and MLBR. Unless the Court orders otherwise, you must commence making payments not later than the earlier of (i) thirty (30) days after the date of the filing of this Plan or (ii) thirty (30) days after the order for relief. **You must check a box on each line below to state whether or not this Plan includes one or more of the following provisions. If you check the provision "Not Included," if you check both boxes, or if you do not check a box, any of the following provisions will be void if set forth later in this Plan. Failure to properly complete this section may result in denial of confirmation of this Plan.**
      FOR EACH LINE BELOW, DO NOT CHECK BOTH BOXES; DO NOT LEAVE BOTH BOXES BLANK.

| 1.1 | A limit on the amount of a secured claim, set out in Part 3.B.1, which may result in a partial payment or no payment at all to the secured creditor | [ ] Included | [X] Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.B.3 | [ ] Included | [X] Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | [ ] Included | [X] Not included |

## PART 2: PLAN LENGTH AND PAYMENTS

**A.**    **LENGTH OF PLAN:**

[ ] 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);

OLF3 (Official Local Form 3)

[ ] 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);
[X] __60__ Months pursuant to 11 U.S.C. § 1322(d)(2). The Debtor(s) states the following cause: **the additional term is necessary to fully administer the estate.**

B. **PROPOSED MONTHLY PAYMENTS:**

| Monthly Payment Amount | Number of Months |
|---|---|
| 2,141.00 | 60 |

C. **ADDITIONAL PAYMENT(S):**

[X] None. If "None" is checked, the rest of Part 2.C need not be completed and may be deleted from this Plan.

[ ] The Debtor(s) will make additional payment(s) to the Trustee, as specified below. Set forth the amount, source (e.g., lump sums from sales/refinances, tax refunds), and date of each payment.

| Additional Payment Amount | Source | Date of Payment |
|---|---|---|
| | | |

**Total amount of Payments to the Trustee [B+C]:**  $ **128,460.00**
This amount must be sufficient to pay the total cost of this Plan in Exhibit 1, Line (h).

# PART 3: SECURED CLAIMS

[ ] None. If "None" is checked, the rest of Part 3 need not be completed and may be deleted from this Plan.

A. **CURE OF DEFAULT AND MAINTENANCE OF PAYMENTS:**

Check one.
[ ] None. If "None" is checked, the rest of Part 3.A need not be completed and may be deleted from this Plan.

[X] Any Secured Claim(s) in default shall be cured and payments maintained as set forth in 1 and/or 2 below. Complete 1 and/or 2.

(1) **PREPETITION ARREARS TO BE PAID THROUGH THIS PLAN:**

Prepetition arrearage amounts are to be paid through this Plan and disbursed by the Trustee. Unless the Court orders otherwise, the amount(s) of prepetition arrears listed in an allowed Proof of Claim controls over any contrary amount(s) listed below. Unless the Court orders otherwise, if relief from the automatic stay is granted as to any collateral listed in this paragraph, all payments paid through this Plan as to that collateral will cease upon entry of the order granting relief from stay.

(a) Secured Claims (Principal Residence)

Address of the Principal Residence: _
The Debtor(s) estimates that the fair market value of the Principal Residence is: $ **443,000.00**

| Name of Creditor | Type of Claim (e.g., mortgage, lien) | Amount of Arrears |
|---|---|---|
| **Specialized Loan Servicing/SLS** | **Mortgage** | 80,000.00 |

Total of prepetition arrears on Secured Claim(s) (Principal Residence): $ **80,000.00**

(b) Secured Claims (Other)

| Name of Creditor | Type of Claim | Description of Collateral (or address of real property) | Amount of Arrears |
|---|---|---|---|
| None | None | | |

Total of prepetition arrears on Secured Claims (Other): $ **0.00**

OLF3 (Official Local Form 3)

**Total of prepetition arrears to be paid through this Plan [(a) + (b)]: $ 80,000.00**

**(2) MAINTENANCE OF CONTRACTUAL INSTALLMENT PAYMENTS (TO BE PAID DIRECTLY TO CREDITORS):**

Contractual installment payments are to be paid <u>directly</u> by the Debtor(s) to the creditor(s). The Debtor(s) will maintain the contractual installment payments as they arise postpetition on the secured claim(s) listed below with any changes required by the applicable contract and noticed in conformity with any applicable rules.

| Name of Creditor | Type of Claim | Description of Collateral |
|---|---|---|
| Capital One Auto Finance | Auto Loan | 2014 Jeep Grand Cherokee 2WD |
| Specialized Loan Servicing/Sls | Mortgage | 12 Mirasol Dr, Bourne, MA 02532-5681 |

**B.    MODIFICATION OF SECURED CLAIMS:**

Check one.
[ ] **None**. If "None" is checked, the rest of Part 3.B need not be completed and may be deleted from this Plan.

[X] **Secured Claim(s) are modified as set forth in 1, 2, and/or 3 below.** Complete 1, 2, and/or 3 below.

**(1) REQUEST FOR VALUATION OF SECURITY, PAYMENT OF FULLY SECURED CLAIMS, AND MODIFICATION OF UNDERSECURED CLAIMS UNDER 11 U.S.C. § 506:**

[X] **None**. If "None" is checked, the rest of Part 3.B.1 need not be completed or and may be deleted from this Plan.

**(2) SECURED CLAIMS EXCLUDED FROM 11 U.S.C. § 506:**

[X] **None**. If "None" is checked, the rest of Part 3.B.2 need not be completed and may be deleted from this Plan.

**(3) LIEN AVOIDANCE UNDER 11 U.S.C. § 522(f):**

[X] **None**. If "None" is checked, the rest of Part 3.B.3 and Exhibits 3 and 4 need not be completed and may be deleted from this Plan.

**C.    SURRENDER OF COLLATERAL:**

Check one.
[ ] **None**. If "None" is checked, the rest of Part 3.C need not be completed and may be deleted from this Plan.

[X] The Debtor(s) elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor(s) requests that, upon confirmation of this Plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed unsecured claim(s) resulting from the disposition of the collateral will be treated in Part 5 of this Plan.

| Name of Creditor | Type of Claim | Description of Collateral |
|---|---|---|
| Rockland FCU | Auto Loan | 2011 Ford Crown Victoria FFV |

# PART 4:                                                  PRIORITY CLAIMS

Check one.
[ ] **None**. If "None" is checked, the rest of Part 4 need not be completed and may be deleted from this Plan.

[X] The following priority claim(s) will be paid in full without postpetition interest. Unless the Court orders otherwise, the amount of the priority portion of a filed and allowed Proof of Claim controls over any contrary amount listed below.

**A.    DOMESTIC SUPPORT OBLIGATIONS:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|

OLF3 (Official Local Form 3)

| None | | |
|---|---|---|

B. **OTHER PRIORITY CLAIMS (Except Administrative Expenses):**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| Internal Revenue Service | Taxes | 19,142.06 |
| Mass DOR | Taxes | 16,440.00 |

**Total of Priority Claims (except Administrative Expenses) to be paid through this Plan: $35,582.06**

C. **ADMINISTRATIVE EXPENSES:**

  1. **ATTORNEY'S FEES:**

| Name of Attorney | Attorney's Fees |
|---|---|
| None | |

If the attorney's fees exceed the amount set forth in MLBR, Appendix 1, Rule 13-7, the Trustee may not pay any amount exceeding that sum until such time as the Court approves a fee application. If no fee application is approved, any plan payments allocated to attorney's fees in excess of MLBR, Appendix 1, Rule 13-7 will be disbursed to other creditors up to a 100% dividend.

  2. **OTHER (Describe):**
     None

**Total Administrative Expenses (excluding the Trustee's Commission) to be paid through this Plan [1 + 2]: $ 0.00**

  3. **TRUSTEE'S COMMISSION:**

The Debtor shall pay the Trustee's commission as calculated in Exhibit 1.

The Chapter 13 Trustee's fee is determined by the United States Attorney General. The calculation of the Plan payment set forth in Exhibit 1, Line (h) utilizes a 10% Trustee's commission. In the event the Trustee's commission is less than 10%, the additional funds collected by the Trustee, after payment of any allowed secured and priority claim(s), and administrative expense(s) as provided for in this Plan, shall be disbursed to nonpriority unsecured creditors up to 100% of the allowed claims.

## PART 5: NONPRIORITY UNSECURED CLAIMS

Check one.
[ ] **None**. If "None" is checked, the rest of Part 5 need not be completed and may be deleted from this Plan.

[X] **Any allowed nonpriority unsecured claim(s) other than those set forth in Part 5.F will be paid as stated below. Only a creditor holding an allowed claim is entitled to a distribution.**

  [X] Fixed Amount ("Pot Plan"): each creditor with an allowed claim shall receive a pro rata share of $ **0.00**, which the Debtor(s) estimates will provide a dividend of **0** %.
  [ ] Fixed Percentage: each creditor with an allowed claim shall receive no less than ____% of its allowed claim.

A. **GENERAL UNSECURED CLAIMS:**                                                                 $ 0.00

B. **UNSECURED OR UNDERSECURED CLAIMS AFTER MODIFICATION IN PART 3.B OR 3.C:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None | | |

C. **NONDISCHARGEABLE UNSECURED CLAIMS (e.g., student loans):**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None | | |

OLF3 (Official Local Form 3)

**D. CLAIMS ARISING FROM REJECTION OF EXECUTORY CONTRACTS OR LEASES:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None | | |

**E. TOTAL TO BE PAID TO NONPRIORITY UNSECURED CREDITORS THROUGH THIS PLAN:**

The amount paid to any nonpriority unsecured creditor(s) is not less than that required under the Liquidation Analysis set forth in Exhibit 2.

Total Nonpriority Unsecured Claims [A + B + C + D]: $ **60,908.59**

Enter Fixed Amount (Pot Plan) or multiply total nonpriority unsecured claim(s) by Fixed Percentage and enter that amount: $ **0.00**

**F. SEPARATELY CLASSIFIED UNSECURED CLAIMS (e.g., co-borrower):**

| Name of Creditor | Description of Claim | Amount of Claim | Treatment of Claim | Basis of Separate Classification |
|---|---|---|---|---|
| None | | | | |

Total of separately classified unsecured claim(s) to be paid through this Plan: $ **0.00**

## PART 6: EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Check one.
**[X] None**. If "None" is checked, the rest of Part 6 need not be completed and may be deleted from this Plan.

[ ] The executory contract(s) and/or unexpired lease(s) listed are assumed and will be treated as specified below. Any other executory contract(s) and/or unexpired lease(s) is rejected. Postpetition contractual payments will be made directly by the Debtor(s). Arrearage payments will be disbursed by the Trustee.

**A. REAL PROPERTY LEASES:**

| Name of Creditor | Lease Description | Arrears |
|---|---|---|
| None | | |

**B. MOTOR VEHICLE LEASES:**

| Name of Creditor | Lease Description | Arrears |
|---|---|---|
| None | | |

**C. OTHER CONTRACTS OR LEASES:**

| Name of Creditor | Lease Description | Arrears |
|---|---|---|
| None | | |

Total amount of arrears to be paid through this Plan: $ _____

## PART 7: POSTCONFIRMATION VESTING OF PROPERTY OF THE ESTATE

If the Debtor(s) receives a discharge, property of the estate will vest in the Debtor(s) upon entry of the discharge. If the Debtor(s) does not receive a discharge, property of the estate will vest upon the earlier of (i) the filing of the Chapter 13 Standing Trustee's Final Report and Account and the closing of the case or (ii) dismissal of the case.

## PART 8: NONSTANDARD PLAN PROVISIONS

Check one.

OLF3 (Official Local Form 3)

[X] **None**. If "None" is checked, the rest of Part 8 need not be completed and may be deleted from this Plan.
[ ] **This Plan includes the following nonstandard provisions.** Under Fed. R. Bankr. P. 3015(c), each nonstandard provision must be set forth below in a separately numbered sentence or paragraph. A nonstandard provision is a provision not otherwise included in Official Local Form 3, or which deviates from Official Local Form 3. Nonstandard provisions set forth elsewhere in this Plan are ineffective. To the extent the provisions in Part 8 are inconsistent with other provisions of this Plan, the provisions of Part 8 shall control if the box "Included" is checked in Part 1, Line 1.3.

**The following Plan provisions are effective only if the box "Included" in Part 1, Line 1.3 is checked.**

## PART 9: SIGNATURES

By signing this document, the Debtor(s) acknowledges reviewing and understanding the provisions of this Plan and the Exhibits filed as identified below.

By signing this document, the Debtor(s) and, if represented by an attorney, the attorney for the Debtor(s), certifies that the wording and order of the provisions in this Plan are identical to those contained in Official Local Form 3, including the Exhibits identified below, other than any Nonstandard Plan Provisions in Part 8.

/s/ Joseph T. Rogers, Jr.
Debtor

**December 20, 2019**
Date

/s/ Leah M. Rogers
Debtor

**December 20, 2019**
Date

/s/ Lawrence L. Hale
Signature of attorney for Debtor(s)
Print name: **Lawrence L. Hale**
BBO Number (if applicable):**217120**
Firm name (if applicable):**Law Office of Lawrence L. Hale**
**128 Main St Ste 7**
**Carver, MA  02330-2024**
Telephone:**(508) 866-2900**
Email Address:**lhale@halelaw.net**

**December 20, 2019**
Date

The following Exhibits are filed with this plan:

[X] Exhibit 1: Calculation of Plan Payment*
[X] Exhibit 2: Liquidation Analysis*
[ ] Exhibit 3: Table for Lien Avoidance under 11 U.S.C. § 522(f)**
[ ] Exhibit 4: [Proposed] Order Avoiding Lien Impairing Exemption**

List additional exhibits if applicable.

*denotes a required exhibit
**Denotes a required Exhibit if the box "Included" is checked in Part 1, Line 1.2.

**Total number of Plan pages, including Exhibits:  8**

OLF3 (Official Local Form 3)

# EXHIBIT 1

# CALCULATION OF PLAN PAYMENT

| | |
|---|---|
| a) Secured claims (Part 3.A and Part 3.B.1-3 Total): | $ **80,000.00** |
| b) Priority claims (Part 4.A and Part 4.B Total): | $ **35,582.06** |
| c) Administrative expenses (Part 4.C.1 and Part 4.C.2 Total): | $ **0.00** |
| d) Nonpriority unsecured claims (Part 5.E Total): | $ **0.00** |
| e) Separately classified unsecured claims (Part 5.F Total): | $ **0.00** |
| f) Executory contract/lease arrears claims (Part 6 Total): | $ **0.00** |
| g) Total of (a) +(b) + (c) + (d) + (e) + (f): | $ **115,582.06** |
| h) Divide (g) by .90 for total Cost of Plan including the Trustee's fee: | $ **128,424.51** |
| i) Divide (h), Cost of Plan, by term of Plan, **60** months: | $ **2,140.41** |
| j) Round **up** to the nearest dollar amount for Plan payment: | $ **2,141.00** |

**If this is either an amended Plan and the Plan payment has changed, or if this is a postconfirmation amended Plan, complete (a) through (h) only and the following:**

| | |
|---|---|
| k) Enter total amount of payments the Debtor(s) has paid to the Trustee: | $ _ |
| l) Subtract line (k) from line (h) and enter amount here: | $ _ |
| m) Divide line (l) by the number of months remaining ( _ months): | $ _ |
| n) Round **up** to the nearest dollar amount for amended Plan payment: | $ _ |
| Date the amended Plan payment shall begin: | _ |

OLF3 (Official Local Form 3)

# EXHIBIT 2

## LIQUIDATION ANALYSIS

A. **REAL PROPERTY**

| Address<br>(Sch. A/B, Part 1) | Value<br>(Sch. A/B, Part 1) | Total Liens<br>(Sch. D, Part 1) | Exemption Claimed<br>(Sch. C) |
|---|---|---|---|
| 12 Mirasol Dr, Bourne, MA 02532-5681 | 443,000.00 | 496,351.00 | 0.00 |

Total Value of Real Property (Sch. A/B, line 55): $ <u>443,000.00</u>
Total Net Equity for Real Property (Value Less Liens): $ <u>0.00</u>
Less Total Exemptions for Real Property (Sch. C): $ <u>0.00</u>
    Amount Real Property Available in Chapter 7: $ <u>0.00</u>

B. **MOTOR VEHICLES**

| Make, Model and Year<br>(Sch. A/B, Part 2) | Value<br>(Sch. A/B, Part 2) | Amount of Liens<br>(Sch. D, Part 1) | Exemption<br>(Sch. C) |
|---|---|---|---|
| 2011 Ford Crown Victoria FFV | 0.00 | 2,487.00 | 0.00 |
| 2014 Jeep Grand Cherokee 2WD | 0.00 | 23,386.00 | 0.00 |

Total Value of Motor Vehicles: $ <u>0.00</u>
Total Net Equity for Motor Vehicles (Value Less Liens): $ <u>0.00</u>
Less Total Exemptions for Motor Vehicles (Sch. C): $ <u>0.00</u>
    Amount Motor Vehicle Available in Chapter 7: $ <u>0.00</u>

C. **ALL OTHER ASSETS** (Sch. A/B Part 2, no. 4; Part 3 through Part 7. Itemize.)

| Asset | Value | Liens<br>(Sch. D, Part 1) | Exemption<br>(Sch. C) |
|---|---|---|---|
| Eastern Bank accountno. xxxx7866 | 0.00 | 0.00 | 0.00 |
| Miscellaneous clothing. | 750.00 | 0.00 | 750.00 |
| Miscellaneous furnishings., | 2,500.00 | 0.00 | 2,500.00 |

Total Value of All Other Assets: $ <u>3,250.00</u>
Total Net Equity for All Other Assets (Value Less Liens): $ <u>3,250.00</u>
    Amount All Other Assets Available in Chapter 7: $ <u>0.00</u>

D. **SUMMARY OF LIQUIDATION ANALYSIS**

| Amount available in Chapter 7 | Amount |
|---|---|
| A. Amount Real Property Available in Chapter 7 (Exhibit 2, A.) | $ <u>0.00</u> |
| B. Amount Motor Vehicles Available in Chapter 7 (Exhibit 2, B.) | $ <u>0.00</u> |
| C. Amount All Other Assets Available in Chapter 7 (Exhibit 2, C.) | $ <u>0.00</u> |
| **TOTAL AVAILABLE IN CHAPTER 7:** | $ <u>0.00</u> |

E. **ADDITIONAL COMMENTS REGARDING LIQUIDATION ANALYSIS:** None.

## CERTIFICATE OF SERVICE OF CHAPTER 13 PLAN

I hereby certify that on December 31, 2019 and in accordance with MLRB, Appendix 1, Rule 13-4(b), I served by first class United States mail a copy of this Plan to and on the parties on the attached list.

/s/ Lawrence L. Hale
Lawrence L. Hale, Esquire
BBO Number 217120
128 Main Street
Suite 7
Carver, MA 02330
Telephone: (508) 866-2900
Email Address: lhale@halelaw.net

ALS Emergency
c/o Town of Bourne
9 Main St Ste 3
Sutton, MA   01590-1660


Associated Credit Services, Inc.
PO Box 5171
Westborough, MA   01581-5171


Beth Israel Deaconess Hospital Plymouth
PO Box 981007
Boston, MA   02298-1007


BIDH-Plymouth Radiology
PO Box 845292
Boston, MA   02284-5292


Cape Cod Healthcare
PO Box 55396
Boston, MA   02205-5396


Capital One
Attn: Bankruptcy
PO Box 30285
Salt Lake City, UT   84130-0285


Capital One Auto Finan
Credit
 Bureau DISPUTE
Plano, TX   75023

```
Capital One Auto Finance
Attn: Bankruptcy
PO Box 30285
Salt Lake City, UT  84130-0285


Capital One Bank USA N
PO Box 30281
Salt Lake City, UT  84130-0281


Citizens  Bank, NA
c/o Convergent Outsourcing, Inc.
800 SW 39th St # S--100
Renton, WA  98057-4975


Collection
495 Old Connecticut Path
Framingham, MA  01701-4567


Comenity Bank/Pottery Barn
Attn: Bankruptcy
PO Box 182125
Columbus, OH  43218-2125


Comenity Bank/Pttrybrn
PO Box 182789
Columbus, OH  43218-2789
```

```
Computer Credit, Inc.
640 West 4th St., PO Box 5238
Claim Department 003311
Winston-Salem, NH  27113-5238


Deptartment Store National Bank/Macy's
Attn: Bankruptcy
9111 Duke Blvd
Mason, OH  45040-8999


Discover Fin Svcs LLC
PO Box 15316
Wilmington, DE  19850-5316


Discover Financial
Attn: Bankruptcy Department
PO Box 15316
Wilmington, DE  19850-5316


DSNB/Macy's
c/o Radius Global Solutions LLC
7831 Glenroy Rd # S-250
Minneapolis, MN  55439-3132


Eversource
c/o Associated Credit Services, Inc.
PO Box 5171
Westborough, MA  01581-5171
```

```
Falmouth Hospital
c/o Action Collection Agency
PO Box 902
Middleboro, MA   02346-0902


Internal Revenue Service
PO Box 7346
Philadelphia, PA   19101-7346


Kohls/Capital One
Attn: Credit Administrator
PO Box 3043
Milwaukee, WI   53201-3043


Kohls/capone
PO Box 3115
Milwaukee, WI   53201-3115


Macys/dsnb
PO Box 8218
Mason, OH   45040-8218


Mass DOR
PO Box 9564 Litigation Unit, Bankruptcy
Boston, MA   02114-9564


Metro Realty Trust LLC
c/o Jack Mikels & Associates, LLP
1 Batterymarch Park Ste 309
Quincy, MA   02169-7484
```

```
National Grid
PO Box 11735
Newark, NJ  07101-4735


Orlans PC
PO Box 540540
Waltham, MA  02454-0540


Park Community Credit Union
Att: Bankruptcy
PO Box 18630
Louisville, KY  40261-0630


Prog Leasing LLC
PO Box 413110
Salt Lake City, UT  84141-3110


Rockland FCU
Attn: Bankruptcy
241 Union St
Rockland, MA  02370-1825


Rockland Federal Cr Un
241 Union St
Rockland, MA  02370-1825


Specialized Loan Servi
8742 Lucent Blvd
Highlands Ranch, CO  80129-2302
```

```
Specialized Loan Servicing/Sls
Attn: Bankruptcy Dept
8742 Lucent Blvd Ste 300
Highlands Ranch, CO  80129-2386


Syncb/lowes
PO Box 956005
Orlando, FL  32801


Synchrony Bank/Lowes
Attn: Bankruptcy
PO Box 965060
Orlando, FL  32896-5060


Synchrony Bank/Paypal Credit
c/o Convergent Outsourcing, Inc.
800 SW 39th St # S-100
Renton, WA  98057-4975


Transworld Systems
500 Virginia Dr Ste 514
Fort Washington, PA  19034-2707


Tufts Medical School of Veterinary Med
c/o Peter Roberts & Associates, Inc.
231 E Main St Ste 201
Milford, MA  01757-2821
```

```
Verizon
c/o McCarthy, Burgess & Wolff
26000 Cannon Rd
Cleveland, OH  44146-1807
```